﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190703-12550
DATE: July 30, 2019

ORDER

Service connection for bilateral tinnitus is granted.

REMANDED

Service connection for bilateral sensorineural hearing loss (SNHL) is remanded.

FINDING OF FACT

The Veteran’s tinnitus is related to active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1111, 1112, 1153, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from May 1963 to May 1967. The Veteran timely appealed the June 2019 rating decision on appeal to the Board and requested the option of direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). In view of the facts found, and to provide broader consideration on appeal, the Board has recharacterized the claim of entitlement to service connection for bilateral ringing in the ears as one for bilateral tinnitus. 

Entitlement to Service Connection for Bilateral Tinnitus.

Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Initially, the Board notes that the AOJ found that the Veteran has a current diagnosis of tinnitus. Furthermore, the AOJ found that the Veteran’s military occupational specialty (MOS) as an electronic assembler constitutes a qualifying event, injury or disease that occurred during service. The only question that remains is whether there is a nexus between the Veteran’s duties an electronic assembler and his currently diagnosed tinnitus. 

During a May 2019 audio evaluation at his local VA medical center, the Veteran reported that he had been experiencing a static noise in his ears that had been there for as long as he could remember. He was evaluated as having tinnitus consistent with cochlear pathology. 

During a June 2019 VA audiological examination, the Veteran reported that he had been experiencing symptoms of bilateral tinnitus for many years but could not specify the date and circumstances of the onset of those symptoms. After an in-person examination, the examiner found that it was less likely than not that the tinnitus was caused by military noise exposure. In support thereof, the examiner noted the lack of a threshold shift in audiometric testing during service, and further highlighted the lack of complaints of hearing loss or tinnitus during service. The examiner concluded by stating that the although the Veteran reported noise exposure during military service, tinnitus was most likely due to the post-service development of hearing loss. 

Although the Board acknowledges the negative etiology opinion from the June 2019 examiner, the opinion lacks probative value, as the examiner failed to explain why they discounted the Veteran’s credible reporting of in-service noise exposure as well as his statement that he had been experiencing tinnitus for “as long as” he could remember. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303 (2008). The Veteran’s statements are competent, credible, and probative, and the Board finds that the record reasonably supports entitlement to service connection for tinnitus based on his lay statements. Consequently, service connection for tinnitus is granted. 38 U.S.C. § 5107(b). 

REASONS FOR REMAND

Entitlement to service connection for bilateral SNHL is remanded.

The Veteran was afforded a VA audio examination in June 2019 to evaluate the nature and etiology of his bilateral SNHL. After an in-person examination, the examiner endorsed a current diagnosis of bilateral SNHL. However, despite acknowledging the Veteran’s reported in-service noise exposure, the examiner found that it was less likely than not that the bilateral SNHL was related to service. In support thereof, the examiner noted the lack of diagnosable SNHL at the time of the separation examination in April 1967 and concluded that there was no nexus between service and the post-service development of the condition on the grounds that there was no permanent pure tone threshold shift in service. The examiner also noted the lack of complaints of hearing loss, tinnitus, or any signs of auditory dysfunction during service. 

The Board finds that the June 2019 VA examiner’s opinion lacks a sufficient rationale and thus constitutes a pre-decisional failure to satisfy VA’s duty to assist. Specifically, the examiner did not offer an explanation as to why the presence of “normal” hearing upon separation, as well as the lack of a threshold shift in service, was clinically significant in this inquiry-especially in light of the fact that service connection for a hearing loss disability may be awarded even if such disability did not manifest during service. See 38 C.F.R. § 3.303(d); see also Hensley v. Brown, 5 Vet. App. 155, 159 (1993). Moreover, the examiner did not explain why they discounted the Veteran’s reporting of in-service noise exposure. On remand, the AOJ should obtain a new medical opinion that fully explains whether the Veteran’s current hearing loss disability is related to in-service acoustic trauma.

In requesting additional development in this case, the Board notes that the basis for this remand arises from deficiencies in the record existing prior to the appealed AMA decision.

The matter is REMANDED for the following action:

Provide the claims file to the June 2019 examiner, or another qualified examiner if that individual is not available, in order to determine the etiology of the Veteran’s bilateral SNHL. Any clinical testing deemed necessary should be scheduled.

After review of the Veteran’s claims file, to include service treatment records, the examiner should determine whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s current bilateral hearing loss disability is related to his period of active duty service. In providing an answer to this question, the examiner should accept as true that the Veteran experienced in-service acoustic trauma. If it is less likely that the Veteran’s current hearing loss disability is related to his period of service, the examiner should discuss why this is the case, to include the clinical significance of any “normal” in-service hearing test results as well as the lack of permanent pure tone threshold shifts during service. The examiner must provide any and all opinions as to etiology in the form of a probability and must provide a complete rationale for any opinion expressed.

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Christopher M. Collins, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.